

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DIONTAE HARPER (a/k/a "Chubbs"),<br>MARKEEVES BROOKS (a/k/a "Keevo"),<br>DONNITA BRYANT, and<br>MICHAELA RICHARD | **UNDER SEAL**<br><br>Violations: Title 18, United States Code, Sections 401(3), 1513(e), and 1513(f)<br><br>1:25-cr-00615<br>Judge Thomas M. Durkin<br>Magistrate Judge Maria Valdez<br>RANDOM / Cat. 4 |

### COUNT ONE

The SPECIAL APRIL 2025 GRAND JURY charges:

1. At times material to this indictment:

    a. On or about December 5, 2023, a federal grand jury in the Northern District of Illinois returned an indictment charging defendant DIONTAE HARPER (a/k/a "Chubbs") and a codefendant with murder in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2. The case was assigned case number 23 CR 620.

    b. As part of case number 23 CR 620, HARPER received discovery, including a December 12, 2023 video interview of Victim A (the "Victim A Interview") conducted by law enforcement. United States District Judge Manish Shah issued a protective order in case number 23 CR 620 that prohibited HARPER from sharing discovery with unauthorized persons and established requirements for the disposal of discovery materials at the conclusion of the case. As part of case number 23 CR 620, HARPER received a copy of the grand jury statement of Victim B (the "Victim B Statement"), attached to a Presentence Investigation Report ("PSR"). Local Criminal

1

Rule 32.1(j) provides that the PSR may not be disclosed to any person or agency without the written permission of the Court.

  c. On or about January 22, 2025, in case number 23 CR 620, defendant HARPER pleaded guilty to a superseding information charging him with using, carrying, brandishing, and discharging a firearm, during and in relation to a crime of violence, namely, murder, a violent crime in aid of racketeering, and, in the course of committing such offense, causing the death of the victim through the use and discharge of such firearm, in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

  d. On or about May 8, 2025, HARPER was sentenced to 34 years' imprisonment in the Bureau of Prisons.

 2. Beginning no later than January 2025, and continuing until at least September 2025, at Chicago, in the Northern District of Illinois, and elsewhere,

> DIONTAE HARPER (a/k/a "Chubbs"),
> MARKEEVES BROOKS (a/k/a "Keevo"),
> DONNITA BRYANT, and
> MICHAELA RICHARD,

defendants herein, conspired with others known and unknown to the grand jury to knowingly take action harmful to Victim A and Victim B, with the intent to retaliate against Victim A and Victim B for providing to a law enforcement officer any truthful information relating to the commission and possible commission of a Federal offense, in violation of Title 18, United States Code, Section 1513(e).

3. It was part of the conspiracy that, in addition to the discovery and PSR provided to HARPER in case number 23 CR 620, HARPER obtained discovery material from a defendant in another case. That discovery material included another copy of the grand jury testimony of Victim B ("Victim B Grand Jury Testimony"). Pursuant to an order issued in the other defendant's case, HARPER was not permitted to possess the Victim B Grand Jury Testimony.

4. It was further part of the conspiracy that HARPER arranged to provide, and provided, to BRYANT and RICHARD the Victim A Interview, the Victim B Statement, the Victim B Grand Jury Testimony, and other discovery material from his case.

5. It was further part of the conspiracy that, at HARPER's direction, BRYANT provided BROOKS with portions of the discovery and other materials, which included the Victim A Interview and the Victim B Statement.

6. It was further part of the conspiracy that defendant HARPER directed defendants BROOKS, BRYANT, and RICHARD to distribute and publish, including over social media, discovery material from HARPER's 23 CR 620 case, in violation of the district court's protective order and rules, in order to retaliate against, and attempt to retaliate against, Victim A and Victim B for providing information to law enforcement concerning the commission and possible commission of Federal offenses.

7. It was further part of the conspiracy that RICHARD contacted Instagram Account A and Instagram Account B to ask the owner of each account to

post portions of the discovery materials, including portions of the Victim A Interview.

    8.    It was further part of the conspiracy that BROOKS provided the owners of Instagram Account B and Facebook Account B with a portion of the Victim A Interview. Instagram Account A, Instagram Account B, and Facebook Account B are public social media accounts.

    9.    It was further part of the conspiracy that HARPER, BROOKS, BRYANT, and RICHARD discussed publishing additional portions of the Victim A Interview on public social media accounts.

    10.    It was further part of the conspiracy that HARPER, BROOKS, BRYANT, and RICHARD misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence and nature of acts done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 1513(f).

## COUNT TWO

The SPECIAL APRIL 2025 GRAND JURY further charges:

1. The allegations in paragraph one of Count One are incorporated here.

2. On or about September 11, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DIONTAE HARPER (a/k/a "Chubbs"),
MARKEEVES BROOKS (a/k/a "Keevo"), and
DONNITA BRYANT,

defendants herein, knowingly took action harmful to Victim A, with the intent to retaliate against Victim A, for providing to a law enforcement officer any truthful information relating to the commission and the possible commission of a Federal offense;

In violation of Title 18, United States Code, Sections 1513(e) and 2.

## COUNT THREE

The SPECIAL APRIL 2025 GRAND JURY further charges:

1. The allegations in paragraph one of Count One are incorporated here.

2. On or about January 1, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, United States District Judge Manish Shah entered an order of the United States District Court in the case of *United States of America v. Diontae Harper,* 23 CR 620, which governed discovery in that case and which directed that DIONTAE HARPER (a/k/a "Chubbs"), and others:

 a. "shall not disclose" any discovery materials provided by the United States "directly or indirectly" to any person or entity other than an authorized person, defined as "persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure without prior approval of the court"; and

 b. that discovery materials "shall not be copied or reproduced, except in order to utilize or provide copies of the Materials for use in connection with this case."

2. The government tendered discovery, including the Victim A Interview, to HARPER in connection with case number 23 CR 620 pursuant to Judge Shah's January 1, 2024 order.

3. HARPER disclosed, and caused to be disclosed, the Victim A Interview to BROOKS, BRYANT, RICHARD, and others, none of whom were authorized persons.

6

4. At HARPER's direction, on or about September 11, 2025, an excerpt of the Victim A Interview was publicly posted on Instagram.

5. At a time between June 2025 and September 2025, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DIONTAE HARPER (a/k/a "Chubbs"),

defendant herein, did commit criminal contempt of the authority of the United States District Court for the Northern District of Illinois by willfully and knowingly disobeying and resisting a lawful order of a Court of the United States, namely, the protective order entered by the Honorable Manish Shah, District Court Judge of the United States District Court for the Northern District of Illinois, on January 1, 2024, by disclosing, and causing to be disclosed, discovery material to an individual other than authorized persons;

In violation of Title 18, United States Code, Section 401(3).


A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY